# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ELIZABETH MCMILLIN,**          )<br>                                                      )<br>  **Plaintiff,**                              )<br>                                                      )<br>  v.                                                )     Case No. CIV-20-1073-AMG<br>                                                      )<br>**KILOLO KIJAKAZI, Acting**          )<br>**Commissioner of Social Security,**[1]   )<br>                                                      )<br>  **Defendant.**                           ) | |

## MEMORANDUM OPINION AND ORDER

Elizabeth McMillin ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34. (Doc. 1). The Commissioner has answered the Complaint and filed the Administrative Record ("AR") (Docs. 13, 14), and the parties have fully briefed the issues. (Docs. 19, 23, 24). [2] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. 17, 18). Based on the Court's review of the record and issues presented, the Court **AFFIRMS** the Commissioner's decision.

---

[1] Kilolo Kijakazi is the Acting Commissioner of the Social Security Administration and is substituted as the proper Defendant. *See* Fed. R. Civ. P. 25(d).

[2] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

## I.   Procedural History

Plaintiff filed an application in October of 2018 for DIB, alleging a disability onset date of April 1, 2017. (AR, at 59, 214). The SSA denied the application initially and on reconsideration. (*Id*. at 83-92, 103-06, 113-19). Then an administrative hearing was held on December 12, 2019. (*Id*. at 124-67). Afterwards, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (*Id*. at 12-28). The Appeals Council subsequently denied Plaintiff's request for review. (*Id*. at 1-6). Thus, the ALJ's decision became the final decision of the Commissioner. *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

## II.   The Administrative Decision

At Step One, the ALJ found that Claimant had not engaged in substantial gainful activity since April 1, 2017, the alleged onset date. (AR, at 17). At Step Two, the ALJ found that Claimant had the following severe impairments: "obesity (BMI 35), fibromyalgia, hypertension, chronic pain syndrome, mild degenerative changes in the lumber spine, and mild degenerative changes to the hips." (*Id*.) At Step Three, the ALJ found that Plaintiff had no impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id*. at 18). The ALJ then determined that Plaintiff had the RFC to

> lift and carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit for about 6 hours during an eight-hour workday and can stand and walk for about 6 hours during an eight-hour workday. The claimant can frequently climb, balance, stoop, kneel, crouch, and crawl.

(*Id.* at 19). Then, at Step Four, the ALJ concluded that Plaintiff was "capable of performing her past relevant work as a jeweler . . . and cashier-checker." (*Id.* at 23). Thus, the ALJ found that Claimant had not been under a disability since April 1, 2017. (*Id.*)

### III. Claims Presented for Judicial Review

On appeal, Plaintiff raises one issue – that the ALJ failed to properly evaluate the medical source opinion of Dr. Hill, Plaintiff's treating physician. (Doc. 19). Specifically, Plaintiff claims the ALJ misunderstood Dr. Hill's treatment notes regarding Plaintiff's fibromyalgia, "misunderstanding the symptomology associated with fibromyalgia and how it significantly impacts Plaintiff." (*Id.* at 7). Plaintiff maintains that this 'misunderstanding' led the ALJ to deem Dr. Hill's opinion "inconsistent with and unsupported by his treatment notes." (*Id.*) Plaintiff ultimately alleges this error "rendered the ALJ's analysis of [Plaintiff]'s fibromyalgia, as well as his analysis of Dr. Hill's corresponding medical opinion, unsupported by substantial evidence." (*Id.*)

In response, the Commissioner argues that "the ALJ properly evaluated Dr. Hill's opinion pursuant to the new [medical evidence] regulations." (Doc. 23, at 1). The Commissioner then explains that the ALJ appropriately discounted Dr. Hill's opinion after concluding the opinion was unsupported by both Dr. Hill's own treatment records and other evidence in the record. (*Id.*) The Commissioner notes just because Plaintiff disagrees with the ALJ's determination that "there was insufficient objective evidence to support a finding that Plaintiff's impairments rendered her functionally unable to work" does not change the fact that the decision remains supported by substantial evidence. (*Id.* at 14).

## IV.     The Disability Standard and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment. 20 C.F.R. § 404.1521; *see* 20 C.F.R. §§ 404.1502(a), 404.1513(a). A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is engaged in

any substantial gainful activity; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"),[3] whether the impairment prevents the claimant from continuing claimant's past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)-(v). Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). If the plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of [claimant's] age, education, and work experience." *Id.* "The claimant is entitled to disability benefits only if [Claimant] is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means – and means only – such relevant evidence as a

---

[3] RFC is "the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal quotation marks and citation omitted).  A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).  While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).  Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence.  *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## V.     The ALJ Adequately and Appropriately Considered Dr. Hill's Medical Opinion.

Under the applicable regulations,[4] the ALJ does "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[,] . . . including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a).  Rather, the ALJ considers those opinions using five factors: supportability; consistency; relationship with the claimant; specialization; and other factors, such as "a medical source's familiarity with

---

[4] The regulations governing the agency's evaluation of medical evidence were revised effective March 27, 2017.  Se*e Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844 (Jan. 18, 2017), *as amended in* 82 Fed. Reg. 15132 (Mar. 27, 2017).

the other evidence in a claim." *Id*. § 404.1520c(c).  Supportability and consistency are the most important factors.  *Id*. § 404.1520c(a).  "Supportability" examines how closely connected a medical opinion is to the medical source's objective medical evidence and supporting explanations: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)[,] . . . the more persuasive the medical opinions . . . will be." *Id*. § 404.1520c(c)(1).  "Consistency," on the other hand, compares a medical opinion to the other evidence: "The more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." *Id*. § 404.1520c(c)(2).  The ALJ must articulate how persuasive he finds a medical opinion. *Id*. § 404.1520c(b).  In doing so, the ALJ is required to "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions." *Id*. § 404.1520c(b)(2).[5]  "The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence.  Rather, in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (citation omitted).

---

[5] An ALJ must consider, but need not explicitly discuss, the remaining factors (relationship with the claimant, specialization, and other factors) unless there are differing medical opinions on an issue and those opinions are equally well-supported and consistent with the record. *See* 20 C.F.R. § 404.1520c(b)(2), (3).

Plaintiff claims that that the ALJ failed to properly evaluate the medical source opinion of Dr. Hill by "misunderstanding the symptomology associated with fibromyalgia and how it significantly impacts Plaintiff" and thus finding Dr. Hill's opinion "inconsistent with and unsupported by his treatment notes." (Doc. 19, at 7). As to this opinion, the ALJ found:

> The claimant's treating physician completed a medical source statement, dated September 23, 2019, in which he opined that the claimant would frequently experience pain or other symptoms severe enough to interfere with attention and concentration. She has a severe limitation in her ability to deal with work stress. She can walk one block, sit and stand twenty minutes at a time for a total of two hours in an eight-hour day. She would need to walk around for ten minutes every twenty minutes. She would need to be able to shift positions, and she would need to elevate her legs fifty percent and use a cane for ambulation at times; she can occasionally lift less than ten pounds, she cannot use her hands, bend or twist and would have good days and bad days, and would miss more than three times a month (Ex. 17F). **The undersigned does not find this opinion persuasive. It is excessive and not supported by or consistent with the treatment provided. There is no indication in the treatment records that she needs to elevate her legs, and there is no indication that she cannot perform activities with her hands.**

(AR, at 22) (emphasis added). The record reflects that the ALJ considered Dr. Hill's medical opinion and treatment notes. The ALJ articulated that he did not find the opinion persuasive. He expressly considered the supportability and consistency factors. The ALJ explained that he found Dr. Hill's opinion to be unpersuasive because it was unsupported by and inconsistent with Dr. Hill's own treatment records and other evidence in the record. (AR, at 21-22). The ALJ therefore met the requirements of the regulations in evaluating Dr. Hill's medical opinion. Plaintiff's request that the Court deem the ALJ's interpretation of Dr. Hill's treatment notes and medical opinion as a "misunderstanding" is nothing more than a request to reweigh the evidence, and this Court must decline that request. *Allman v.*

8

*Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016) ("Concluding otherwise would require us to reweigh the evidence, a task we may not perform."). "The ALJ was entitled to resolve [] evidentiary conflicts and did so." *Id*. The Commissioner's decision is supported by substantial evidence and should be affirmed.

**VI.   Conclusion**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned **AFFIRMS** the decision of the Commissioner for the reasons discussed above.

**SO ORDERED** this 21st day of March, 2022.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE